IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LESLEE R. CARVER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 15 CV 2905 |
| | ) | |
| v. | ) | Judge Harry D. Leinenweber |
| | ) | |
| PRESENCE HEALTH NETWORK, *et al.*, | ) | Magistrate Judge Geraldine Soat Brown |
| | ) | |
| Defendants. | ) | |

**REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO STAY PROCEEDINGS**

This litigation challenges whether the Resurrection Health Care Defined Benefit Plan and the Provena Employees' Retirement Plan (collectively, the "Plans") are "church plans" exempt from ERISA. Pl.'s Cmplt., Dkt. # 1, ¶¶ 228-231. A controlling threshold legal issue in this case is whether, as Plaintiff contends, a plan must be established only by a "church" to be included within the "church plan" exemption to ERISA or, as Defendants contend, whether plans established by church-affiliated entities – entities that are controlled by or associated with a church – are also included within the "church plan" exemption. As Defendants detailed in their motion, the answer to this question will define the issues to be litigated in this case.

The Seventh Circuit has granted interlocutory appeal precisely to resolve this threshold legal issue in *Stapleton, et al. v. Advocate Health Care Network, et al.*,[1] and thus to provide guidance to the parties and the Court on whether a church-affiliated organization can establish a

---

[1] *See* Exh. A to Defs.' Mot. to Stay, Order Granting Mot. to Certify Interlocutory Appeal, *Stapleton, et al. v. Advocate Health Care Network, et al.*, No. 14 C 01873, Dkt. # 75 (N.D. Ill. Jan. 21, 2015), Dkt. # 25-2; Exh. B to Defs.' Mot. to Stay, Order Granting Pet. to Appeal, *In re Advocate Health Care Network, et al.*, No. 15-8003, Dkt. # 87 (7th Cir., Feb. 18, 2015), Dkt. # 25-3.

"church plan" or whether the parties must also litigate what constitutes a "church." Plaintiff does not dispute that the Seventh Circuit ruling will have a direct impact on this litigation.

Accordingly, based on the relevant factors set forth in *In re Groupon Derivative Litig.*, 882 F. Supp. 2d 1043, 1045 (N.D. Ill. 2012), Defendants have moved to stay the instant litigation pending guidance from the Seventh Circuit. Under the *Groupon* factors, a stay is clearly appropriate here since the guidance from the Seventh Circuit will define the issues to be litigated in this case, thereby reducing the burdens of litigation without prejudicing Plaintiff.

Plaintiff nonetheless opposes the stay, arguing that it is somehow unfair that Defendants will not have to file a responsive pleading since the Plaintiff has filed a Complaint, Opp. at 5-7, and that, without such a pleading, the issues joined in this case will remain "unknown." Opp. at 3. These arguments are flawed, however. Initially, Defendants' positions on the legal issues as they currently exist are no secret (these same legal issues are being litigated across the country with the same Plaintiff's counsel), were outlined in their initial brief, and will be repeated here; indeed, Plaintiff's counsel acknowledges in the Complaint that Defendants take the position that the Plans qualify as "church plans." *See* Pl.'s Cmplt., Dkt. # 1, ¶¶ 128, 146. Therefore, it is inaccurate for Plaintiff to pretend that the parties would be proceeding blindly during the brief stay requested by Defendants. Further, nothing in the case law suggests that some milestone in a case must be reached before a stay is granted. Most importantly, any issues briefed at this stage would be no more than temporary and advisory since the pleadings – including the very complaint filed by Plaintiff – will, in all likelihood, need to be properly amended to conform to the Seventh Circuit's ruling on the threshold legal issue of this case. Consequently, any responsive pleading would be premature and a waste of time and resources. For these reasons, the Court should exercise its discretion to stay the instant proceedings pending resolution of the *Stapleton* appeal.

**ARGUMENT**

Plaintiff agrees that this Court has the inherent power "to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *Texas Indep. Producers & Royalty Owners Ass'n v. E.P.A.*, 410 F.3d 964, 980 (7th Cir. 2005); *see also In re Groupon Derivative Litig.*, 882 F. Supp. 2d at 1045. Plaintiff also agrees that the proper factors for determining whether a stay is warranted include: "(1) whether a stay will simplify the issues in question and streamline the trial; (2) whether a stay will reduce the burden of litigation on the parties and on the court; and (3) whether a stay will unduly prejudice or tactically disadvantage the non-moving party." *In re Groupon Derivative Litig.*, 882 F. Supp. 2d at 1045. The parties disagree, however, over whether, under these factors, a stay is premature because Defendants have not filed a responsive pleading. But the filing of a responsive pleading will not tip the balance of the *Groupon* factors in Plaintiff's favor. Indeed, Plaintiff's insistence that a responsive pleading is necessary ignores the realities of this litigation and the fact that such a pleading, and the very complaint to which it would be responding, will likely be amended once the Seventh Circuit does what it has set out to do: provide the law on the threshold legal issue in this case. Plaintiff's attempt to introduce an additional requirement (i.e., that a responsive pleading be filed) that is not included in the *Groupon* factors has no basis in law, and is contrary to the well-accepted proposition that courts have vast discretion in controlling their docket.

**A. A Responsive Pleading Is Unnecessary in This Litigation.**

Plaintiff contends throughout her opposition that, without a responsive pleading, Defendants' position is "unknown," Opp. at 3, and that "the Court has no record of what issues actually exist." Opp. at 5. The cases she cites in support of her position, however, are distinguishable and favor Defendants. *See American Sales Company, LLC v. Warner Chilcott*

3

*Public Limited Company*, No. 13-347, 2013 WL 4016925 (D.R.I. Aug. 6, 2013); *Sunrise Rentals Enters. v. BP, PLC*, No. 10-261, 2010 WL 2266772 (S.D. Ala. June 4, 2010).

First, both *American Sales* and *Sunrise* arise in the specific context of a request for a stay based on resolution of a motion to transfer filed before the Judicial Panel on Multi-District Litigation, meaning MDL-specific standards applied. *American Sales*, 2013 WL 4016925, at *1; *Sunrise Rentals*, 2010 WL 2266772, at *2. The courts relied heavily on a specific rule that the pendency of a motion before the MDL panel does not affect the course of litigation in pending federal district court actions. *Id.*

Additionally, the *American Sales* and *Sunrise* courts held that a stay prior to responsive pleadings was premature there because, regardless of the outcome of the pending motion to transfer, a responsive pleading would be required. *American Sales*, 2013 WL 4016925, at *2; *Sunrise Rentals*, 2010 WL 2266772, at *2. Plaintiff overlooks an important distinction, though; in those cases, the only question was **where** the pleading would ultimately be filed following resolution of the transfer motion. Here, however, **what** Defendants will file in response to Plaintiff's Complaint – indeed even the content of Plaintiff's Complaint – will depend on the Seventh Circuit's ruling on the threshold "church plan" issue. *See Rollins v. Dignity Health, et al.*, No. 13-1450, 2014 WL 6693891, at *2 (N.D. Cal. Nov. 26, 2014) (noting the various trajectories of litigation following appeal). Thus, the courts' reasoning in *American Sales* and *Sunrise* does not apply.[2]

---

[2] Plaintiff also argues that, in *American Sales* and *Sunrise,* those courts found that there would be no waste of judicial economy because the court would have little involvement in the case pending the decision on the motion to transfer. Opp. at 9-10. This is not true in this matter, however, because should this stay be denied, the parties will have to submit for the Court's consideration a substantial motion to dismiss, which ruling will be advisory because it will be superseded by the Seventh Circuit's opinion on these legal issues shortly thereafter; thereby wasting the resources of both the Court and the parties.

Finally, in *Sunrise*, the court reasoned that a responsive pleading was necessary to provide a clear picture of the issues in the case. *Sunrise Rentals*, 2010 WL 2266772, at *2. The instant case, however, is the *twelfth* case presenting the identical threshold, *legal* issue of how to interpret ERISA's "church plan" exemption. The parties are well aware of the general contours of this issue and can (and have) succinctly described them to the Court without the need for extensive motion practice. *See, infra*, Section C. In fact, and as Plaintiff seemingly recognizes, Opp. at 7, n. 8., the Supreme Court found in *Landis v. North American Co.* that a stay was proper *before an answer* was filed where the party's position was "abundantly apparent."[3] 299 U.S. 248, 250 (1936).

Therefore, though there may be circumstances in which a stay is not proper until after a responsive pleading has been filed, and there can be *some* cases in which a responsive pleading could be helpful, there is no blanket rule requiring such. Rather, this is left to the discretion of the trial judge. And in this case, it is proper to stay the litigation prior to the filing of a responsive pleading because (i) such a pleading is not necessary at this stage to identify the main issues in the case, and (ii) the substance of any pleadings would need to change once the Seventh Circuit rules.

**B. The Seventh Circuit Has Taken *Stapleton* to Decide a Threshold *Legal* Issue That Will Impact this Litigation.**

A responsive pleading is premature since the Seventh Circuit will be ruling on a threshold legal issue presented in this case in the near future. Plaintiff baldly states that the Seventh Circuit's decision will "assuredly" be based on the facts presented in the *Stapleton* case, thus there is no guarantee that its ruling will apply to the instant matter. Opp. at 8. This statement

---

[3] And again, any back-and-forth between Plaintiff and Defendants on this issue will be superseded by whatever the Seventh Circuit decides.

mischaracterizes the purpose behind the pending *Stapleton* appeal, and the significant impact that it will have on this litigation.

*Stapleton* is before the Seventh Circuit upon interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The entire purpose of such an appeal is to resolve a "controlling question of *law*," not a controlling question of *fact*. *Id.* (emphasis added). Indeed, Judge Chang certified for appeal and the Seventh Circuit has agreed to consider the *legal* issue of whether plans established by church-affiliated entities – entities that are controlled by or associated with a church – are also included within ERISA's "church plan" exemption. *See* Exhs. A & B to Defs.' Mot. to Stay, Dkt. # 25-2 & 25-3. This is the same controlling threshold legal issue present here and, even if it does not dispose of every issue in this case, it cannot be disputed that it will greatly narrow and define the issues of the present case. As Defendants have already detailed, this case takes two different paths depending on the answer to this threshold legal question. One path will focus on (i) what "control or association" means under the relevant legal standards, including the First Amendment, and (ii) whether Congress acted unconstitutionally in expanding the "church plan" exemption to include plans of church-affiliated entities. The other path would focus on the legal and theological issues of what constitutes the "Church" under Catholic doctrine and Canon Law, and possibly also the application of the retroactive correction rights provided by the "church plan" exemption. *See* 29 U.S.C. § 1002(33)(D), ERISA § 3(33)(D).

In such situations, the Supreme Court has recognized that a stay is proper. *See Landis*, 299 U.S. at 256 (finding that a stay was appropriate where the resolution of a pending matter "may not settle every question of fact and law in suits by other companies, but in all likelihood it will settle many and simplify them all.").

6

### C. Defendants' Position Is "Abundantly Apparent."

As was the case in *Landis*, Defendants' position that the Plans at issue in this case qualify as "church plans" is "abundantly apparent," thus a responsive pleading is unnecessary, pending the ruling in *Stapleton*. In her opposition, Plaintiff lists the four issues arising from her currently pled claims, and claims ignorance as to how Defendants will respond. Opp. at 2-3. Although Plaintiff does not justify why a specific response to each allegation is necessary prior to the *Stapleton* ruling, Defendants nonetheless note the following:

On Plaintiff's first issue of whether ERISA's definition of a "church plan" requires that a "church plan" be established by "a church or a convention or associates of churches," Opp. at 2, Defendants contend that the statutory language provides that the "church plan" exemption includes plans established by church-affiliated organizations.[4] *See* ERISA § 3(33)(C). Defendants also assert that both Plans were established by entities that are, at a minimum, controlled by and associated with the Catholic Church. Moreover, even if Plaintiff's contrary interpretation applies and Defendants are required to prove that the Plans were established by a "church" – however "church" is defined legally and theologically – Defendants contend that the Plans will satisfy this test as well.

Second, Plaintiff contends that, once established, a "church plan" must be maintained by a church or church-affiliated entity. Opp. at 2. Again, Defendants assert that such is the case here.

---

[4] Such a construction is supported by over thirty years of authority from the federal courts, as well as the federal agencies. *See, e.g.*, IRS Gen. Coun. Mem. 39,007, 1983 WL 197946 (Nov. 2, 1982); *Lown v. Continental Casualty Co.*, 238 F.3d 543, 547 (4th Cir. 2001); *Chronister v. Baptist Health*, 442 F.3d 648, 651-52 (8th Cir. 2006); *Rinehart v. Life Ins. Co. of N. Am.*, No. 08-5486, 2009 WL 995715, at *2-3 (W.D. Wa. Apr. 14, 2009); *Okerman v. Life Ins. Co. of N. Am.*, No. 00-186, 2001 WL 36203082, at *3-4 (E.D. Cal. Dec. 24, 2001). And, even if there were a latent ambiguity in this statute, then the Court should defer to this long-standing, inclusive construction of the federal agencies that has been ratified repeatedly by Congress.

Third, Plaintiff argues the "church plan" exemption does not apply unless substantially all of the employees covered by the plan are employees of a church, or a not-for-profit entity controlled by or associated with the church. Opp. at 2-3. Again, Defendants contend that Presence is both controlled by and associated with the Catholic Church, and that the Plans will satisfy this test as well.

Finally, Plaintiff submits that the "church plan" exemption violates the First Amendment if it is construed to extend to church-affiliated entities. Opp. at 3. Notably, this legal issue is already extensively briefed in the *Stapleton* appeal, and the Seventh Circuit may very well decide that it should speak to the constitutionality of Congressional action. But in any event, Defendants' position on this is simply stated: Congress constitutionally expanded the "church plan" exemption to include church-affiliated organizations to, among other things, accomplish the legitimate secular purpose of avoiding entangling inquiries into whether the "good works" ministries of these church-affiliated organizations are part of a "church" under the various religious faiths and traditions.

In sum, as in *Landis,* a stay is also proper here before any responsive pleading because Defendants' positions are "abundantly apparent." *Landis*, 299 U.S. at 250. Further, and perhaps most important to a stay, any pleadings and motion practice on these issues will be superseded by whatever the Seventh Circuit decides in *Stapleton*.

## CONCLUSION

Accordingly, for the reasons stated herein and in their opening brief, Defendants seek to stay the present case pending the Seventh Circuit's decision in *Stapleton*.

Dated: May 29, 2015                                    Respectfully submitted,

                                                          **PRESENCE HEALTH NETWORK, *ET AL.***

                                                          By: */s/ Nigel F. Telman*

Howard Shapiro (*admitted pro hac vice*)
Robert W. Rachal (*admitted pro hac vice*)
Stacey C.S. Cerrone (*admitted pro hac vice*)
PROSKAUER ROSE, LLP
650 Poydras St., Suite 1800
New Orleans, LA 70130-6416
Phone: (504) 310-4088
Fax: (504) 310-2022
HowShapiro@proskauer.com
rrachal@proskauer.com
scerrone@proskauer.com

Nigel F. Telman
Edward C. Young
PROSKAUER ROSE, LLP
Three First National Plaza
70 West Madison, Suite 3800
Chicago, IL  60602
Phone: (312) 962-3550
Fax: (312) 962-3551
NTelman@proskauer.com
eyoung@proskauer.com

## **CERTIFICATE OF SERVICE**

I, Nigel F. Telman, one of the attorneys for Defendants, certify that I caused a copy of the attached REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY to be served by e-mail via the Court's ECF System, upon counsel for Plaintiff:

Christopher Graver
Ron Kilgard
KELLER ROHRBACK, PLC
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
cgraver@kellerrohrback.com
rkilgard@kellerrohrback.com

Ryan F. Stephan
Teresa M. Becvar
James B. Zouras
STEPHAN ZOURAS, LLP
205 N. Michigan Ave., Suite 2560
Chicago, IL 60601
tbecvar@stephanzouras.com
jzouras@stephanzouras.com
rstephan@stephanzouras.com

this 29th day of May, 2015.

                                                                                             */s/ Nigel F. Telman*