# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LESLEE R. CARVER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> PRESENCE HEALTH NETWORK, *et al.*, <br><br> Defendants. | Case No. 1:15-cv-02905 <br><br> Judge Harry D. Leinenweber <br><br> Magistrate Judge M. David Weisman |

### [PROPOSED] ORDER PRELIMINARILY APPROVING THE SETTLEMENT, CERTIFYING THE CLASS, APPROVING NOTICE TO THE CLASS, AND SCHEDULING FINAL APPROVAL HEARING

This litigation involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. ("ERISA"), set forth in Plaintiffs' Third Amended Class Action Complaint, dated October 7, 2016, with respect to the Resurrection Health Care Retirement Plan (the "RHC Plan") and the Provena Health Employees' Pension Plan (the "Provena Plan") (the RHC Plan and the Provena Plan each a "Plan," and together, the "Plans" or the "Presence Plans").[1]

Presented to the Court for preliminary approval is a Settlement of the litigation as against all Defendants. The terms of the Settlement are set forth in the Class Action Settlement Agreement (the "Settlement" or "Settlement Agreement"), executed by counsel on December 12, 2017, on behalf of all of the Plaintiffs and Defendants, as well as non-party Ascension Health in anticipation of closing of its pending acquisition of Presence (the "Parties"). Plaintiffs have filed

---

[1] This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement unless set forth differently herein. The terms of the Settlement are fully incorporated in this Judgment as if set forth fully herein.

an Unopposed Motion for Preliminary Approval of Settlement Agreement ("Preliminary Approval Motion"), pursuant to which the Court has considered the Settlement to determine, among other things, whether to approve preliminarily the Settlement, certify preliminarily a Settlement Class, authorize the dissemination of Class Notice to members of the Settlement Class, and set a date and time for the Fairness Hearing. Upon reviewing the Settlement Agreement, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. <u>Class Findings.</u> The Court preliminarily finds that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court and any other applicable law have been met as to the "Settlement Class" defined below, in that:

    A. The Court preliminarily finds that the Settlement Class is ascertainable from records kept with respect to the Plans and from other objective criteria, and the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable. Rule 23(a)(1) is satisfied.

    B. The Court preliminarily finds that there are one or more questions of fact and/or law common to the Settlement Class. Rule 23(a)(2) is satisfied.

    C. The Court preliminarily finds that Leslee Carver's, Diane Eslinger's, Lisa Jenkins', and Susan Phillips' (the "Named Plaintiffs'") claims are typical of the claims of the Settlement Class. Rule 23(a)(3) is satisfied.

    D. The Court preliminarily finds that the Named Plaintiffs will fairly and adequately protect the interests of the Settlement Class in that: (i) the Named Plaintiffs' interests and the nature of claims alleged are consistent with those of the members of the Settlement Class; (ii) there appear to be no conflicts between or among the Named Plaintiffs and the Settlement Class; and (iii) the Named Plaintiffs and the members of the

2

Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated ERISA class actions. Rule 23(a)(4) is satisfied.

  E.  The Court preliminarily finds that the prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual class members that would establish incompatible standards of conduct for Defendants; or (ii) adjudications as to individual class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede those persons' ability to protect their interests. Rule 23(b)(1) is satisfied.

  F.  Alternatively, the prerequisites of Rule 23(b)(2) have been satisfied, since Defendants have acted or refused to act on grounds generally applicable to the Settlement Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Settlement Class as a whole.

  G.  The Court preliminarily finds that Cohen Milstein Sellers & Toll PLLC and Keller Rohrback L.L.P. ("Class Counsel") are capable of fairly and adequately representing the interests of the Settlement Class. Class Counsel have done extensive work identifying or investigating potential claims in the action, litigating the claims, and participating in a several-month-long mediation process. Class Counsel are experienced in handling class actions, other complex litigation, and claims of the type asserted in this Action. Class Counsel are knowledgeable about the applicable law, and have committed the necessary resources to represent the Settlement Class. Rule 23(g) is satisfied.

2. <u>Class Certification.</u> Based on the findings set forth above, the Court preliminarily certifies the following class under Federal Rules of Civil Procedure 23(b)(1) and/or (b)(2) and 23(e) in this litigation (the "Settlement Class"):

> All persons who, as of November 30, 2017, are former and/or current participants in either or both of the Plans, whether vested or non-vested, and their beneficiaries.

The Court preliminarily appoints Leslee Carver, Diane Eslinger, Lisa Jenkins, and Susan Phillips, the Named Plaintiffs, as the class representatives for the Settlement Class, and Keller Rohrback L.L.P. and Cohen Milstein Sellers & Toll PLLC as Class Counsel for the Settlement Class.

3. <u>Preliminary Findings Regarding Proposed Settlement.</u> The Court preliminarily finds that:

    A. The proposed Settlement resulted from informed, extensive arm's-length negotiations that took place over multiple months and were facilitated by a third-party mediator, Robert A. Meyer, Esq.;

    B. Class Counsel has concluded that the proposed Settlement is fair, reasonable, and adequate; and

    C. The proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Settlement Class.

4. <u>Final Fairness Hearing.</u> A hearing is scheduled for [DATE], (the "Fairness Hearing") to determine, among other things:

    A. Whether the Settlement should be approved as fair, reasonable, and adequate;

    B. Whether the Complaint should be dismissed with prejudice pursuant to the terms of the Settlement Agreement;

4

C. Whether the notice to the class provided for by the Settlement Agreement: (i) constituted the best practicable notice; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Fairness Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

D. Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement; and

E. Whether the application for payment of attorneys' fees and expenses to Class Counsel, and for Incentive Payment Awards to Named Plaintiffs should be approved.

5. <u>Class Notice Program.</u> The proposed Notice Program consists of (a) a mailed notice ("Summary Notice," attached as Exhibit 3 to Plaintiffs' Preliminary Approval Motion), sent to the last known address of members of the Settlement Class and (b) an internet publication of the Settlement Agreement and long format Class Notice ("Class Notice," attached as Exhibit 4 to Plaintiffs' Preliminary Approval Motion) at www.cohenmilstein.com/presence-settlementand www.kellersettlements.com. With respect to such Notice Program, the Court finds that such Program fairly and adequately:

A. Describes the terms and effect of the Settlement Agreement;

B. Notifies the Settlement Class that Class Counsel's attorneys' fees and expenses, and any Incentive Payment Awards to Named Plaintiffs, will be paid according to §§ 8.1.5-6 of the Settlement Agreement;

5

C. Gives notice to the Settlement Class of the time and place of the Fairness Hearing;

D. Advises members of the Settlement Class that they do not have the right to opt out of the Settlement Class;

E. Advises members of the Settlement Class of the binding effect of a judgment on members of the Settlement Class; and

F. Describes how the recipients of the Class Notice may object to any of the relief requested. The Court directs that:

i. No later than XX, 2018, the Summary Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, shall be sent to each Person within the Settlement Class who can be identified by the Plan's current record-keeper. Such notice shall be in a form that the Parties have deemed to be cost effective, sent to the last known address for members of the Settlement Class. Presence or Ascension Health will pay the cost for notice to the Settlement Class as part of the settlement administration.

ii. No later than XX, 2018, Class Counsel shall cause the Settlement Agreement and the long-format Class Notice to be published on the websites identified in the Class Notice.

iii. At or before the Fairness Hearing, Class Counsel shall file with the Court a proof of timely compliance with the foregoing Notice Program mailing and publication requirements.

    iv.  By no later than XX, 2018, Class Counsel shall file motions for final approval of the Settlement, attorneys' fees and expenses, and Incentive Payment Awards to the Named Plaintiffs.

    v.  By XX, 2018, Class Counsel shall file a reply in support of the motions for final approval of the Settlement, attorneys' fees and expenses, and Incentive Payment Awards to the Named Plaintiffs; the Parties must also respond to any comments or objections to the Settlement.

  6.  <u>Objections to Settlement</u>. Any member of the Settlement Class who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, to any term of the Settlement Agreement, to the application for payment of attorneys' fees and expenses, or to the application for Incentive Payment Awards for the Named Plaintiffs, may timely file an Objection in writing no later than XX, 2018. All written objections and supporting papers must: (1) clearly identify the case name and number "*Carver v. Presence Health Network,,* Case No. 15-cv-02905;" (2) be filed with the Court and postmarked and mailed or faxed to Class Counsel and Defendants' Counsel at the addresses below on or before XX, 2018; (3) set forth the objector's full name, current address, and telephone number; (4) set forth a statement of the position the objector wishes to assert, including the factual and legal grounds for the position; (5) set forth the names and a summary of testimony of any witnesses that the objector might want to call in connection with the Objection; (6) provide copies of all documents that the objector wishes to submit in support of his/her position; (7) provide the name(s), address(es) and phone number(s) of any attorney(s) representing the objector; (8) state the name, court, and docket number of any class action litigation in which the objector and/or his/her attorney(s) has previously appeared as

an objector or provided legal assistance with respect to an objection; and (9) include the objector's signature.

The addresses for filing objections with the Court and service on counsel are as follows:

To the Court:

    Clerk of the Court
    United States District Court
    Northern District of Illinois
    219 South Dearborn Street
    Chicago, IL 60604
    Re: *Carver v. Presence Health Network,* Case No. 15-cv-02905

To Class Counsel:

| | |
|---|---|
| Lynn Lincoln Sarko | Michelle C. Yau |
| Laura R. Gerber | Mary J. Bortscheller, ARDC #6304457 |
| KELLER ROHRBACK L.L.P. | Scott M. Lempert |
| 1201 Third Avenue, Suite 3200 | COHEN MILSTEIN SELLERS |
| Seattle, WA 98101 | & TOLL, PLLC |
| Fax: (206) 623-3384 | 1100 New York Avenue, N.W. |
| | Suite 500, West Tower |
| Ron Kilgard | Washington, DC 20005 |
| Chris Graver | Fax: (202) 408-4699 |
| KELLER ROHRBACK L.L.P. | |
| 3101 North Central Avenue, Suite 1400 | |
| Phoenix, AZ 85012 | |
| Fax: (602) 248-2822 | |

Defendants' Counsel:

| | |
|---|---|
| Howard Shapiro | Robert Rachal |
| Stacey C.S. Cerrone | HOLIFIELD JANICH RACHAL & |
| PROSKAUER ROSE, LLP |   ASSOCIATES, PLLC |
| 650 Poydras Street, Suite 1800 | 6415 West End Blvd. |
| New Orleans, LA 70130 | New Orleans, LA 70124 |
| Fax: (504) 310-2022 | Fax: (865) 566-0119 |

If an objector hires an attorney to represent him or her for the purposes of making such objection pursuant to this paragraph, the attorney must both effect service of a notice of appearance on counsel listed above and file it with the Court by no later than XX, 2018. Any

8

member of the Settlement Class or other Person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

7. <u>Appearance at Fairness Hearing</u>. Any objector who files and serves a timely, written objection in accordance with paragraph 6 above, may also appear at the Fairness Hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the Fairness Hearing must effect service of a notice of intention to appear setting forth, among other things, the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on Class Counsel and on the Defendants' counsel (at the addresses set out above). The objector must also file the notice of intention to appear with the Court by no later than XX, 2018. Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except for good cause shown.

8. <u>Notice Expenses</u>. The expenses of printing and mailing all notices required hereby shall be paid by Presence or Ascension Health as provided in §§ 3.2.3 and 8.2 of the Settlement Agreement.

9. <u>Service of Papers</u>. Defendants' counsel and Class Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

10. <u>Termination of Settlement</u>. This Order shall become null and void, and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is

terminated in accordance with the Settlement Agreement. In such event, § 10.1 of the Settlement Agreement shall govern the rights of the parties.

11. <u>Use of Order</u>. In the event this Order becomes of no force or effect, it shall not be construed or used as an admission, concession, or declaration by or against the Defendants, the Named Plaintiffs or the Settlement Class.

12. <u>Continuance of Hearing</u>. The Court may continue the Fairness Hearing without further written notice.

DATED this __ day of _____, 2018.

                                              _____
                                              Hon. Harry D. Leinenweber
                                              UNITED STATES DISTRICT JUDGE
                                              NORTHERN DISTRICT OF ILLINOIS