# EXHIBIT 3

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LESLEE R. CARVER, *et al.*, | Case No. 1:15-cv-02905 |
| Plaintiffs, | |
| v. | Judge Harry D. Leinenweber |
| PRESENCE HEALTH NETWORK, *et al.*, | Magistrate Judge M. David Weisman |
| Defendants. | |

**NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION, FINAL APPROVAL
HEARING, AND MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF
LITIGATION EXPENSES**

This notice ("Notice") advises you of a proposed settlement (the "Settlement") of a class action lawsuit brought by Plaintiffs Leslee Carver, Diane Eslinger, Lisa Jenkins, and Susan Phillips (the "Named Plaintiffs") on behalf of themselves, and participants and beneficiaries of the Resurrection Health Care Retirement Plan (the "RHC Plan") and the Provena Health Employees' Pension Plan (the "Provena Plan") (together, the "Plans"), and as representatives of the Settlement Class against Defendants (defined below). Plaintiffs allege that the non-profit healthcare system Presence Health Network ("Presence") breached its fiduciary duties and violated the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), with respect to the Plans. You are receiving this Notice because you may be a participant, or a beneficiary of a participant, in one or both of the Plans.

**PLEASE READ THIS NOTICE CAREFULLY.
A FEDERAL COURT AUTHORIZED THIS NOTICE.
THIS IS NOT A SOLICITATION.
YOU HAVE NOT BEEN SUED.**

As described in more detail below, this Settlement is made in compromise of claims made by Plaintiffs, for themselves and on behalf of all others similarly situated, against Defendants in the litigation (the "Action"). Plaintiffs claim that the Plans were improperly operated by Presence as "church plans" exempt from the requirements imposed by ERISA. Plaintiffs claim that, among other violations, Presence underfunded the Plans, in the aggregate,

1

**Questions? Visit**
www.kellersettlements.com **or** www.cohenmilstein.com/presence-settlement
**DO NOT CALL THE COURT**
**as they cannot answer your questions.**

by over $175 million, and failed to furnish Plaintiffs or any member of the class with a Pension Benefit Statement, Summary Annual Reports, Notification of Failure to Meet Minimum Funding, or Funding Notices.

Defendants deny all of these claims and have claimed these Plans are "church plans" that are exempt from ERISA requirements.

Named Plaintiffs, on behalf of themselves and the Class, have agreed to settle all Released Claims (as defined in the Settlement Agreement) against Defendants and other Releasees (as defined in the Settlement Agreement) in exchange for, among other terms, a guarantee of payment of the first $20,000,000 (twenty million dollars) of benefits that are distributable from either or both of the Plans' trusts to Settlement Class members if either of the Plans is unable to pay such benefits. The guarantee is given by Presence, provided that if Ascension Health, which is not a defendant in the litigation, completes its planned acquisition of Presence, Ascension Health will thereafter be the guarantor. The Settlement also provides that Ascension Health, or any of the Releasees, may buy out this guarantee obligation at any time by making contributions to the Plans' trusts in an aggregate total of $15,000,000 (fifteen million dollars). The Settlement further provides that, if Ascension Health's acquisition of Presence is abandoned, Presence will remain the guarantor, and in addition Presence will contribute $15,000,000 (fifteen million dollars) to the Plans' trusts to buy out the guarantee within three years of publicly announcing that the proposed acquisition by Ascension Health had been abandoned. Upon the Plan trusts' timely receipt of the $15,000,000 (fifteen million dollar) buyout amount, any guarantee obligation will be satisfied and extinguished. Ascension Health has no obligations under the Settlement Agreement, and will not be a Releasee, unless and until it has acquired Presence and this Settlement Agreement has become effective. Because the Plans are defined benefit pension plans and not defined contribution plans with individual accounts, like a 403(b) plan or 401(k) plan, *the cash amount, if any, will be contributed to the Plans as a whole*, *rather than to individual Plan participants and beneficiaries*. **Your pension benefit will not increase as a result of the Settlement.** Additionally, the Settlement provides significant non-monetary equitable consideration, in that current participants in the Plan will receive certain ERISA-like financial and administrative protections for the next seven and one-half years.

**This Settlement applies to all persons who, as of November 30, 2017, are former and/or current participants in either or both of the Plans, whether vested or non-vested, and their beneficiaries.**

The Court in charge of the case still has to decide whether to approve the Settlement. The payments and other settlement terms described above will be made only if the Court approves the Settlement and that approval is upheld if there are any appeals. This process is explained in greater detail below.

2

**Questions? Visit**
www.kellersettlements.com **or** www.cohenmilstein.com/presence-settlement
**DO NOT CALL THE COURT**
**as they cannot answer your questions.**

**Your legal rights are affected if you are a member of the Settlement Class whether or not you act. "Settlement Class" means:** All persons who, as of November 30, 2017, are former and/or current participants in either or both of the Plans, whether vested or non-vested, and their beneficiaries.

**Identification of Key Terms:** This Notice contains summary information with respect to the Settlement. The terms and conditions of the Settlement are set forth in the Class Action Settlement Agreement (the "Settlement Agreement"). The Settlement Agreement, and additional information with respect to this lawsuit and the Settlement, are available at www.kellersettlements.com and www.cohenmilstein.com/presence-settlement.

**Reasons for the Settlement:** The Settlement resolves all claims in the Action against Defendants regarding the Plans. The Parties agree that the Settlement is not, and should not be construed as, an admission of any fault, liability or wrongdoing whatsoever by any of the Defendants, who continue to deny any and all of the allegations of the Complaint. The Named Plaintiffs and Class Counsel (identified below) believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class. The Named Plaintiffs and Class Counsel believe that the Settlement provides greater protection for the benefits to be paid to all Settlement Class members under the Plans as compared to the risks, costs and delays of proceeding with this litigation against Defendants.

**Identification of Claims Administrator and Class Counsel:** Any initial questions regarding the Settlement should be directed to [ADMINISTRATOR] at [PHONE NUMBER].

Class Counsel is available also to respond to questions. Please contact: Christopher Graver or _____, Keller Rohrback, L.L.P., 1201 Third Avenue, Suite 3200, Seattle, WA 98101-3052. Class Counsel has established a toll-free number, _____, if you have questions or comments. Class Counsel may also be contacted via e-mail at [ADDRESS]@kellerrohrback.com. Please do not contact the Court. The Court personnel will not be able to answer your questions.

**PLEASE READ THIS NOTICE CAREFULLY AND COMPLETELY. IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS TO WHOM THIS NOTICE IS ADDRESSED, THE SETTLEMENT WILL AFFECT YOUR RIGHTS. YOU ARE NOT BEING SUED IN THIS MATTER. YOU DO NOT HAVE TO APPEAR IN COURT, AND YOU DO NOT HAVE TO HIRE AN ATTORNEY IN THIS CASE. IF YOU ARE IN FAVOR OF THE SETTLEMENT, YOU DO NOT NEED TO DO ANYTHING. IF YOU DISAPPROVE, YOU MAY OBJECT TO THE SETTLEMENT PURSUANT TO THE PROCEDURES DESCRIBED BELOW.**

| ACTIONS YOU MAY TAKE IN THE SETTLEMENT |
| --- |

3

**Questions? Visit**
www.kellersettlements.com **or** www.cohenmilstein.com/presence-settlement
**DO NOT CALL THE COURT**
**as they cannot answer your questions.**

| NO ACTION IS NECESSARY. | If the Settlement is approved by the Court and you are a member of the Settlement Class, you do not need to do anything. |
|---|---|
| YOU CAN OBJECT NO LATER THAN **[DATE], 2018**.  WRITTEN OBJECTIONS MUST BE FILED WITH THE COURT BY THIS DATE. | If you wish to object to any part of the Settlement, you can write to the Court and explain why you do not like the Settlement. |
| YOU CAN GO TO THE HEARING ON **[DATE] 2018 AT [TIME] CST** BY FILING A NOTICE OF INTENTION TO APPEAR NO LATER THAN **[DATE], 2018** | If you have submitted a written objection to the Court, you can ask to speak in Court about the fairness of the Settlement.  You may enter your appearance in Court through an attorney if you so desire. |

## WHAT THIS NOTICE CONTAINS

**Summary of Settlement** ..................................................................................................**5**
**Basic Information**..........................................................................................................**7**
    1. Why did I get this Notice package? ...........................................................7
    2. How do I know whether I am part of the Settlement? .....................................8
    3. What does the Settlement provide?.........................................................8
    4. What is the lawsuit about? What has happened so far? .................................9
    5. Why is this case a class action? ...........................................................10
    6. Why is there a Settlement? .................................................................11
    7. How will the Settlement be distributed?.....................................................11
    8. What rights am I giving up in the Settlement? ...........................................11
    9. Can I exclude myself from the Settlement?.................................................12

**The Lawyers Representing You** ....................................................................................**12**
    10. Do I have a lawyer in the case? .............................................................12
    11. How will the lawyers be paid?...............................................................12

**Objecting to the Settlement**........................................................................................**13**
    12. How do I tell the Court if I don't like the Settlement? ....................................13

**The Court's Fairness Hearing** ....................................................................................**14**
    13. When and where will the Court decide whether to approve the Settlement? .14
    14. Do I have to come to the hearing? ..........................................................15
    15. May I speak at the hearing? .................................................................15

4

**Questions? Visit**
www.kellersettlements.com **or** www.cohenmilstein.com/presence-settlement
**DO NOT CALL THE COURT**
**as they cannot answer your questions.**

**If You Do Nothing** ...................................................................................**15**

    16.   What happens if I do nothing at all? ..............................................16

**Getting More Information** .........................................................................**16**

    17. How do I get more information?......................................................16

       This litigation (the "Action") was filed in federal district court in Illinois against Presence Health and the various other defendants named in the complaint (collectively, the "Defendants"). The Named Plaintiffs and Defendants collectively are referred to herein as the "Parties."

       A copy of the Complaint and other documents relevant to this Settlement, including the comprehensive Settlement Agreement, are available at www.kellersettlements.com and www.cohenmilstein.com/presence-settlement.

**SUMMARY OF SETTLEMENT**

       The Settlement provides that, as long as the Plans are sponsored by any of the Releasees, as defined in the Settlement Agreement, there is a guarantee of payment of the first $20,000,000 (twenty million dollars) of benefits that are distributable from either or both of the Plans' trusts to Settlement Class members if either of the Plans is unable to pay such benefits. The guarantee is given by Presence, provided that if Ascension Health completes its planned acquisition of Presence, Ascension Health will thereafter be the guarantor. The Settlement also provides that Ascension Health, or any of the Releasees, may buy out this guarantee obligation at any time by making contributions to the Plans' trusts in an aggregate total of $15,000,000 (fifteen million dollars). The Settlement further provides that, if Ascension Health's acquisition of Presence does not close and is abandoned, Presence will remain the guarantor, and in addition Presence will contribute an aggregate total of $15,000,000 (fifteen million dollars) to the Plans' trusts to buy out the guarantee within three years of publicly announcing that the proposed acquisition by Ascension Health has been abandoned. In either case, upon the Plans' trusts' timely receipt of the $15,000,000 (fifteen million dollar) buyout amount, the guarantee obligation will be extinguished. Ascension Health has no obligations under the Settlement Agreement, and will not be a Releasee, unless and until it has acquired Presence.

       Additionally, the Settlement provides significant non-monetary equitable consideration, in that current participants in the Plan will receive certain ERISA-like reporting, disclosure, and administrative protections. For seven and one-half years, the Plans' participants will receive notice on an annual basis about the funded status of the Plans and the retirement benefits that they have accrued. This annual notice will include, among other information, a summary of the Plans' funding arrangements, a summary of the Plans' expenses, a statement of the Plans' liabilities and assets, information about the increase or decrease in net plan assets for the year,

5

**Questions? Visit**
www.kellersettlements.com **or** www.cohenmilstein.com/presence-settlement
**DO NOT CALL THE COURT**
**as they cannot answer your questions.**

and summary information about the Plans' total income. The Settlement Agreement also provides that for seven and one-half years, any amendment or termination of the Plan cannot reduce participants' accrued benefits. Likewise, for the next seven and one-half years, if the Plan is ever merged with or into another plan, participants will be entitled to the same or greater benefits than they were before the merger.

**Attorneys' Fees and Expenses:** Court-appointed Class Counsel will file a motion for an award of attorneys' fees, expenses, and incentive awards for Named Plaintiffs that will be considered by the Court at the Final Approval Hearing. Class Counsel will apply for a total award not to exceed One Million Five Hundred Fifty Thousand Dollars ($1,550,000.00) (the "Maximum Total Fee"). Any such award will be at the sole discretion of the Court. Any Court-awarded fees, expenses, and incentive awards will be paid by Presence or Ascension Health, and will be paid *in addition to* the guarantee and other provisions of the Settlement.

This Settlement represents the best possible monetary result that could be achieved for the Class in light of the significant risks Plaintiffs faced in the Action. As with any litigation, the Parties would face an uncertain outcome if the case were to continue. Continued litigation of this case against the Defendants may result in a judgment or verdict greater or less than the recovery under the Settlement Agreement, or in no recovery at all. Throughout the litigation, Plaintiffs and Defendants have disagreed on both liability and damages. Defendants, among other things, maintain that the Plans have been and continue to be properly administered as Church Plans under the Plans' terms and as defined in ERISA § 3(33), and are exempt from coverage under ERISA. Defendants deny any and all liability to the Plaintiffs, members of the Settlement Class and the Plans, deny any and all allegations of wrongdoing, and believe they will prevail in this case if it is litigated to conclusion.

Named Plaintiffs and Class Counsel, among other things, (1) have conducted an extensive investigation into the facts, circumstances, and legal issues associated with the allegations made in the Action; (2) believe, based on the risks of the litigation, the time necessary to achieve a complete resolution through litigation, the complexity of the claims set forth in the Complaint, and the benefits accruing to the Plans' participants and beneficiaries under the Settlement, that the Settlement will provide a benefit to the Settlement Class, and that, when this benefit is weighed against the risks of continuing the prosecution of the Action, the Settlement represents a reasonable, fair, and adequate resolution of the claims of the Settlement Class; and (3) believe that the Settlement will provide the Settlement Class with additional protections for their retirement benefits they may not have received if the cases had been litigated to a conclusion.

The Parties have taken into account the uncertainty and risks inherent in this litigation, particularly its complex nature, and have concluded that it is desirable that the Action be fully and finally settled on the terms and conditions set forth in the Settlement Agreement.

6

**Questions? Visit**
www.kellersettlements.com **or** www.cohenmilstein.com/presence-settlement
**DO NOT CALL THE COURT**
**as they cannot answer your questions.**

Please visit www.kellersettlements.com or www.cohenmilstein.com/presence-settlement if you have additional questions.

## BASIC INFORMATION

**1.     Why did I get this Notice package?**

Either you or someone in your family may have been a Plan participant, or a beneficiary of a participant, whether vested or non-vested, as of November 30, 2017. The Court has directed that this Notice be sent to you because, as a potential member of the Settlement Class, you have a right to know about the proposed Settlement with Defendants before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and all related objections and appeals are favorably resolved, Presence, or Ascension Health if it completes its acquisition of Presence, will guarantee the payment of the first $20,000,000 (twenty million dollars) of benefits that are distributable from the Plans to Settlement Class Members in the event trust assets attributable to the Plans become insufficient to pay such benefits. The Settlement also provides that any Releasee may buy out this guarantee obligation by making an aggregate total of $15,000,000 (fifteen million dollars) in contributions to the Plans' trusts; and, if Ascension Health does not acquire Presence, Presence will make the $15,000,000 buyout contribution to the Plans' trusts within three (3) years.  Ascension Health has no obligations under the Settlement Agreement, and will not be a Releasee, unless and until it has acquired Presence.  In addition, the Settlement provides non-monetary equitable consideration, including that, for seven and one-half years, the Plans' participants will receive notice on an annual basis about the funding status of the Plans and the retirement benefits that they have accrued. This annual notice will include, among other information, a summary of the Plan's funding arrangements, a summary of the Plan's expenses, a statement of the Plan's liabilities and assets, information about the increase or decrease in net plan assets for the year, and summary information about the Plan's total income. The Settlement Agreement also provides that for seven and one-half years, any amendment or termination of the Plan cannot reduce participants' accrued benefits. Likewise, for the next seven and one-half years, if the Plan is ever merged with or into another plan, participants will be entitled to the same or greater benefits than they were before the merger.

This Notice explains the Action, the Settlement, and your legal rights. The purpose of this Notice is to inform you of a hearing (the "Fairness Hearing") to be held by the Court to consider the fairness, reasonableness and adequacy of the proposed Settlement, and to consider the application of Class Counsel for their attorneys' fees and reimbursement of litigation expenses as well as an application for an incentive fee to the Named Plaintiffs.

The Fairness Hearing will be held at [DATE AND TIME] before the Honorable Harry D. Leinenweber in the United States District Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, IL 60604, to determine:

**Questions? Visit**
www.kellersettlements.com **or** www.cohenmilstein.com/presence-settlement
**DO NOT CALL THE COURT**
**as they cannot answer your questions.**

(a)     Whether the Settlement should be approved as fair, reasonable, and adequate and should be approved by the Court;

(b)     Whether final judgment approving the Settlement Agreement should be entered;

(c)     Whether the Settlement Class should be certified as a mandatory non-opt-out class meeting the applicable requirements for a settlement class imposed by Federal Rule of Civil Procedure 23;

(d)     Whether the requirements of Federal Rule of Civil Procedure 23 and due process have been satisfied in connection with the distribution of the Class Notice to members of the Settlement Class;

(e)     Whether the requirements of the Class Action Fairness Act have been satisfied;

(f)     Whether to award incentive fees to the Named Plaintiffs and if so, the amount; and

(g)     Whether to award attorneys' fees and litigation expenses to Class Counsel and other attorneys who represent members of the Settlement Class and if so, the amounts.

The issuance of this Notice is not an expression of the Court's opinion on the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement, the Settlement provisions will become effective after all related appeals, if any, are favorably resolved. It is always uncertain whether such appeals can be favorably resolved, and resolving them can take time, perhaps more than a year. Please be patient.

**2.     How do I know whether I am part of the Settlement?**

The Court has certified the Action as a class action preliminarily. You are a member of the Settlement Class if, as of November 30, 2017, you were a former and/or current participant in either or both of the Plans, whether vested or non-vested, or the beneficiary of such a participant.

**3.     What does the Settlement provide?**

The Settlement provides that, as long as the Plans are sponsored by any of the Releasees, as defined in the Settlement Agreement, there is a guarantee of payment of the first $20,000,000 (twenty million dollars) of benefits that are distributable from either or both of the Plans' trusts to Settlement Class members if either of the Plans is unable to pay such benefits. The guarantee

8

**Questions? Visit**
www.kellersettlements.com **or** www.cohenmilstein.com/presence-settlement
**DO NOT CALL THE COURT**
**as they cannot answer your questions.**

is given by Presence, provided that if Ascension Health completes its planned acquisition of Presence, Ascension Health will thereafter be the guarantor. Should a corporate transaction occur where the Plans' assets and liabilities covering Settlement Class Members transfer to a successor, Presence, or Ascension Health if it has acquired Presence, will cause the successor to honor this commitment. The Settlement also provides that Ascension Health, or any of the Releasees, may buy out this guarantee obligation at any time by making contributions to the Plans' trusts in an aggregate total of $15,000,000 (fifteen million dollars). The Settlement further provides that, if Ascension Health's acquisition of Presence is abandoned, Presence will remain the guarantor, and in addition Presence will contribute $15,000,000 (fifteen million dollars) to the Plans' trusts to buy out the guarantee within three years of publicly announcing that the proposed acquisition by Ascension Health has been abandoned. In either case, upon the Plans' trusts' timely receipt of the $15,000,000 (fifteen million dollar) buyout amount, the guarantee obligation will be extinguished. Ascension Health has no obligations under the Settlement Agreement, and will not be a Releasee, unless and until it has acquired Presence.

The Settlement includes equitable provisions which mimic certain provisions of ERISA concerning plan administration, summary plan descriptions, notices (annual summaries, pension benefits statements, current benefit values), and the Plan's claim review procedure. For seven and one-half years, the Plans' participants with receive notice on an annual basis about the funding status of the Plans and the retirement benefits that they have accrued. The Settlement Agreement also provides that for seven and one-half years, any amendment or termination of the Plan cannot reduce participants' accrued benefits. Likewise, for the next seven and one-half years, if the Plan is ever merged with or into another plan, participants will be entitled to the same or greater benefits than they were before the merger.

The above description of the operation of the Settlement is only a summary. The governing provisions are set forth in the Settlement Agreement, which may be obtained at www.kellersettlements.com or www.cohenmilstein.com/presence-settlement.

## 4.    What is the lawsuit about? What has happened so far?

On April 2, 2015, Plaintiff Leslee Carver, a participant in the RHC Plan, filed a putative class action complaint in this Court against Presence and various other corporate and individual defendants, alleging violations of ERISA. The complaint was later amended several times and now names as additional plaintiffs Diane Eslinger, Lisa Jenkins, and Susan Phillips, all participants in the Provena Plan. The complaint alleges that Defendants denied ERISA protections to the participants and beneficiaries of the Plans, which are defined benefit pension plan sponsored by Presence, by claiming that the Plans qualify as ERISA-exempt "church plans." The complaint further alleges that asserting this exemption caused Defendants to deny the Plans' participants the protections of ERISA. These include, among other violations: underfunding the Plans by over $175 million, failing to furnish Plaintiffs or any member of the class with a Pension Benefit Statement, Summary Annual Reports, Notification of Failure to

9

**Questions? Visit**
www.kellersettlements.com **or** www.cohenmilstein.com/presence-settlement
**DO NOT CALL THE COURT**
**as they cannot answer your questions.**

Meet Minimum Funding, or Funding Notices, and, as to the RHC Plan, failure to provide an ERISA-compliant schedule for vesting.

Defendants answered the amended complaint, denying that Plaintiffs were entitled to relief because Defendants contend that the Plans qualify as and are maintained properly as church plans exempt from ERISA, and the Parties each served discovery requests and began document discovery. On October 13, 2016, however, the Court stayed further proceedings while the United States Supreme Court considered an appeal in three other cases involving church plans. That appeal addressed whether, as Plaintiffs alleged here, a church plan must be established by a church in order to qualify as an ERISA-exempt church plan. The Supreme Court held argument in that case on March 27, 2017, and issued its decision on June 5, 2017, holding that pension plans need not be established by churches in order to qualify as ERISA-exempt church plans so long as other conditions necessary for church plan status are satisfied. While Plaintiffs advance other strong arguments and theories not decided by the Supreme Court's opinion, Plaintiffs' case was negatively impacted by that decision. Additionally, since the case was filed, Presence has made substantial contributions to the Plans' trust funds and the investing environment has been highly favorable.

Following the Supreme Court's decision, as the Parties prepared to resume active litigation, they agreed to attempt to settle the case with the assistance of a mediator. Shortly before the August 29, 2017 mediation, Presence and Ascension Health publicly announced the signing of a non-binding letter of intent for Ascension Health to acquire Presence. Although that acquisition is still pending, Ascension Health was present at the mediation, and ultimately agreed to be a party to the settlement, with the condition that it would not be bound by the settlement until its acquisition of Presence became final. The initial mediation held on August 29, 2017, was unsuccessful; however, the Parties and Ascension Health continued to discuss settlement with the mediator's assistance over the next several months, and were ultimately able agree on the terms of a settlement on November 10, 2017.

The Settlement is the product of intensive, arm's-length negotiations between Class Counsel and Defendants' Counsel, with the assistance of an experienced third-party mediator.

**5.      Why is this case a class action?**

In a class action, one or more plaintiffs, called "named plaintiffs," sue on behalf of people who have similar claims. All of the individuals on whose behalf the Named Plaintiffs in this Action are suing are "Class Members," and they are also referred to in this Notice as members of the Settlement Class. The Honorable Harry D. Leinenweber, United States District Judge, is presiding over this case.

**Questions? Visit**
www.kellersettlements.com **or** www.cohenmilstein.com/presence-settlement
**DO NOT CALL THE COURT**
**as they cannot answer your questions.**

**6.      Why is there a Settlement?**

Under the proposed Settlement, the Court will not decide the merits of the case in favor of either the Plaintiffs or the Defendants. By agreeing to a Settlement, both the Plaintiffs and the Defendants avoid the costs, risks, and delays of litigating the Action. In this case particularly, the risks of ongoing litigation involved the consequences of the Supreme Court's ruling that church plans need not be established by churches in order to qualify as ERISA-exempt plans.

This Settlement is the product of extensive arm's-length negotiations between Class Counsel and the Defendants' Counsel, including utilizing the services of an experienced mediator. Class Counsel believes that the proposed Settlement is fair, reasonable, and adequate, and in the best interest of the Class.

**7.      How will the Settlement be distributed?**

Because the Plan is a defined benefit pension plan and not a defined contribution plan with individual accounts, like a 403(b) plan or 401(k) plan, *the guarantee, if ever paid in the future, will be contributed to the Plan's trust fund as a whole*, *rather than to individual Plan participants and beneficiaries*. **Your pension benefit will not increase as a result of the Settlement.** You will remain entitled to the benefit you have accrued pursuant to the Plan's terms, and under the Settlement, for seven and one-half years, the Plan cannot be amended to reduce your accrued benefit. The Settlement also provides significant non-monetary equitable consideration, in that current participants in the Plan will receive certain ERISA-like administrative protections, including certain annual notices for the next seven and one-half years.

Members of the Settlement Class do not need to do anything in order to obtain the benefits and protections provided by the Settlement in this case.

**8.      What rights am I giving up in the Settlement?**

If the Settlement is approved, the Court will enter a judgment. This judgment will fully, finally, and forever release, relinquish, and discharge any and all actual or potential claims, actions, causes of action, demands, obligations, liabilities, attorneys' fees, expenses and costs under federal or state laws arising out of the allegations of the Complaint that were brought or could have been brought as of the date of the Settlement Agreement, including any current or prospective challenge to the "church plan" status of the Plans, whether or not such claims are accrued, whether already acquired or subsequently acquired, whether known or unknown, in law or equity, brought by way of demand, complaint, cross-claim, counterclaim, third-party claim, or otherwise.

For Settlement Class members only, Released Claims are not intended to include the release of any of the following: (a) Any rights or duties arising out of the Settlement Agreement,

**Questions? Visit**
www.kellersettlements.com **or** www.cohenmilstein.com/presence-settlement
**DO NOT CALL THE COURT**
**as they cannot answer your questions.**

including the express warranties and covenants in the Settlement Agreement; (b) Individual claims for relief brought under state law seeking benefits under the terms of the Plan documents of the applicable Plan; (c) Claims related to any other plan that is merged or consolidated with the Plans, or either of them, after December 12, 2017; (d) Any claim arising under ERISA with respect to any event occurring after: the Internal Revenue Service issues a written ruling that the Plans, or either of them, do not qualify as a church plan; pursuant to IRC § 410(d), an election is made on behalf of the Plans, or either of them, resulting in such Plan's coverage by the ERISA provisions specified in IRC § 410(d); the Roman Catholic Church claims no association with the Plans' Sponsor; or an amendment to ERISA is enacted and becomes effective as a law of the United States eliminating the Church Plan exemption; or (e) the claims brought by the plaintiffs in the Class Action Complaint filed November 16, 2017, titled *Lauren Bence, et al. v. Presence Health Network Corporation, et al*., U.S. District Court for the Northern District of Illinois case no. 1:17-cv-08315.

**9.  Can I exclude myself from the Settlement?**

You do not have the right to exclude yourself from the Settlement. For settlement purposes, the Action was certified under Federal Rule of Civil Procedure 23(b)(1) and/or 23(b)(2) (non-opt-out class) because the Court determined the requirements of that rule were satisfied. Thus, it is not possible for any of the members of the Settlement Class to exclude themselves from the Settlement. As a member of the Settlement Class, you will be bound by any judgments or orders that are entered in the Action for all claims that were or could have been asserted in the Action against Defendants or are otherwise included in the release under the Settlement. The Court resolves the issues for all Class Members.

Although members of the Settlement Class cannot opt-out of the Settlement, they can object to the Settlement and ask the Court not to approve the Settlement.

### THE LAWYERS REPRESENTING YOU

**10.  Do I have a lawyer in the case?**

The law firms of Keller Rohrback L.L.P and Cohen Milstein Sellers & Toll, PLLC represent the Named Plaintiffs and the Settlement Class ("Class Counsel"). You will ***not*** be charged directly by these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**11.  How will the lawyers be paid?**

Prior to the Fairness Hearing, Class Counsel will apply for an award of attorneys' fees and expenses, and incentive awards for the Named Plaintiffs. The total amount that Class Counsel will seek for fees, expenses, and incentive awards will not exceed $1.55 million. This

**Questions? Visit**
www.kellersettlements.com **or** www.cohenmilstein.com/presence-settlement
**DO NOT CALL THE COURT**
**as they cannot answer your questions.**

amount will be paid entirely by Defendants or Ascension Health. Any payment of attorneys' fees, expenses, and incentive awards to Named Plaintiffs will not reduce the amount of the guarantee or the amount of the buy-out.

To date, Class Counsel has not received any payment for their services in prosecuting this Action on behalf of the Settlement Class, nor have Class Counsel been reimbursed for their out-of-pocket expenses. The fee requested by Class Counsel would compensate all of Plaintiffs' counsel for their efforts in achieving the Settlement for the benefit of the Settlement Class and for their risk in undertaking this representation on a contingency basis. The Court will determine the actual amount of the award.

## OBJECTING TO THE SETTLEMENT

### 12.    How do I tell the Court if I don't like the Settlement?

Any member of the Settlement Class who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, to any term of the Settlement Agreement, to the application for payment of attorneys' fees and expenses, or to the application for an incentive fee for the Named Plaintiffs, may file an Objection in writing.  All written objections and supporting papers must: (1) clearly identify the case name and number "*Carver v. Presence Health Network,* Case No. 15-cv-02905;" (2) be filed with the Court and either postmarked and mailed or faxed to Class Counsel and Defendants' Counsel at the addresses below on or before twenty-eight (28) days before the Fairness Hearing; (3) set forth your full name, current address, and telephone number; (4) set forth a statement of the position you wish to assert, including the factual and legal grounds for the position; (5) set forth the names and a summary of testimony of any witnesses that you might want to call in connection with the Objection; (6) provide copies of all documents that you wish to submit in support of his/her position; (7) provide the name(s), address(es) and phone number(s) of any attorney(s) representing you; (8) state the name, court, and docket number of any class action litigation in which you and/or your attorney(s) has previously appeared as an objector or provided legal assistance with respect to an objection; and (9) include your signature.

The addresses for filing objections with the Court and service on counsel are listed below. **Your written objection must be filed with the Court, and mailed or faxed to the counsel listed below by no later than XX, 2018:**

**File with the Clerk of the Court:**

Clerk of the Court
United States District Court
Northern District of Illinois

13

**Questions? Visit**
www.kellersettlements.com **or** www.cohenmilstein.com/presence-settlement
**DO NOT CALL THE COURT**
**as they cannot answer your questions.**

219 South Dearborn Street
Chicago, IL 60604

**And, by the same date, serve copies of all such papers by mail or fax to each of the following:**

CLASS COUNSEL:

Lynn Lincoln Sarko
Laura R. Gerber
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Fax: (206) 623-3384

Ron Kilgard
Chris Graver
KELLER ROHRBACK L.L.P.
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
Fax: (602) 248-2822

Michelle C. Yau
Mary J. Bortscheller, ARDC #6304457
Scott M. Lempert
COHEN MILSTEIN SELLERS
& TOLL, PLLC
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC 20005
Fax: (202) 408-4699

DEFENDANTS' COUNSEL:

Howard Shapiro
Stacey C.S. Cerrone
PROSKAUER ROSE, LLP
650 Poydras Street, Suite 1800
New Orleans, LA 70130
Fax: (504) 310-2022

Robert Rachal
HOLIFIELD JANICH RACHAL &
 ASSOCIATES, PLLC
6415 West End Blvd.
New Orleans, LA 70124
Fax: (865) 566-0119

**UNLESS OTHERWISE ORDERED BY THE COURT, ANY MEMBER OF THE SETTLEMENT CLASS WHO DOES NOT OBJECT IN THE MANNER DESCRIBED HEREIN WILL BE DEEMED TO HAVE WAIVED ANY OBJECTION AND SHALL BE FOREVER FORECLOSED FROM MAKING ANY OBJECTION TO THE PROPOSED SETTLEMENT AND THE APPLICATION FOR ATTORNEYS' FEES AND EXPENSES AND AN INCENTIVE FEE TO THE NAMED PLAINTIFFS.**

### THE COURT'S FAIRNESS HEARING

**13.    When and where will the Court decide whether to approve the Settlement?**

14

**Questions? Visit**
www.kellersettlements.com **or** www.cohenmilstein.com/presence-settlement
**DO NOT CALL THE COURT**
**as they cannot answer your questions.**

The Court will hold a Fairness Hearing at [DATE AND TIME], at the United States District Court for the United States District Court, Northern District of Illinois, 219 South Dearborn Street, Chicago, IL 60604, Courtroom 2125.

**IF YOU DO NOT WISH TO OBJECT TO THE PROPOSED SETTLEMENT OR THE APPLICATION FOR ATTORNEYS' FEES AND EXPENSES AND INCENTIVE FEES TO THE NAMED PLAINTIFFS, YOU NEED NOT ATTEND THE FAIRNESS HEARING.**

At the hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After the Fairness Hearing, the Court will decide whether to approve the Settlement. The Court will also rule on the motions for attorneys' fees and expenses and an incentive fee to the Named Plaintiffs. We do not know how long these decisions will take.

**14.    Do I have to come to the hearing?**

Class Counsel will answer questions Judge Leinenweber may have. You are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, it will be before the Court when the Court considers whether to approve the Settlement as fair, reasonable and adequate. You may also have your own lawyer attend the Fairness Hearing at your expense, but such attendance is not necessary.

**15.    May I speak at the hearing?**

If you are a member of the Settlement Class and you have filed a timely objection, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter or other paper called a "Notice of Intention to Appear at Fairness Hearing in *Carver v. Presence Health Network,* Case No. 15-cv-02905." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be served on the attorneys listed above, postmarked and mailed or sent via facsimile no later than XX, 2018, and must be filed with the Clerk of the Court, postmarked no later than XX, 2018.

The Fairness Hearing may be delayed by the Court without further notice to the Class. If you wish to attend the Fairness Hearing, you should confirm the date and time with a member of Class Counsel.

**IF YOU DO NOTHING**

15

**Questions? Visit**
www.kellersettlements.com **or** www.cohenmilstein.com/presence-settlement
**DO NOT CALL THE COURT**
**as they cannot answer your questions.**

**16.      What happens if I do nothing at all?**

If you do nothing and you are a Class Member, you will participate in the Settlement as described above in this Notice if the Settlement is approved.

## GETTING MORE INFORMATION

**17.      How do I get more information?**

This Notice summarizes the proposed Settlement.  Full details of the Settlement are set forth in the Settlement Agreement. You may obtain a paper copy of the Settlement Agreement by making a written request to a member of Class Counsel listed above under item 12. Copies of the Settlement Agreement, as well as the motion seeking preliminary approval of the Settlement Agreement, and the Preliminary Approval Order, may also be viewed at www.kellersettlements.com or www.cohenmilstein.com/presence-settlement.

DATED:                                                       By Order of the Court


                                                             Hon. Harry D. Leinenweber
                                                             United State District Judge
                                                             Northern District of Illinois

16

**Questions? Visit**
www.kellersettlements.com **or** www.cohenmilstein.com/presence-settlement
**DO NOT CALL THE COURT**
**as they cannot answer your questions.**