

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LESLEE R. CARVER, *et al.*, | Case No. 1:15-cv-02905 |
| Plaintiffs, | |
| v. | Judge Harry D. Leinenweber |
| PRESENCE HEALTH NETWORK, *et al.*, | Magistrate Judge M. David Weisman |
| Defendants. | |

## ORDER AND FINAL JUDGMENT

This litigation involves the claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001-1461, set forth in Plaintiffs' Third Amended Class Action Complaint ("Complaint"), dated October 7, 2016, ECF No. 75-1, with respect to the Resurrection Health Care Retirement Plan (the "RHC Plan") and the Provena Health Employees' Pension Plan (the "Provena Plan"). Hereinafter, the RHC Plan and the Provena Plan are referred to as the "Presence Plans" or simply the "Plans." The Parties entered into a Revised and Final Class Action Settlement Agreement ("Settlement" or "Settlement Agreement")[1] dated February 21, 2018, which was filed with the Court on February 28, 2018. Settlement Agreement, ECF No. 113-2.

The Court previously entered an Order Preliminarily Approving the Settlement, Certifying the Class, Approving Notice to the Class, and Scheduling Final Approval Hearing ("Preliminary Approval Order") dated March 8, 2018, ECF No. 118, preliminarily certifying the

---

[1] This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement unless set forth differently herein. The terms of the Settlement are fully incorporated in this Judgment and adopted as a Final Judgment as if set forth fully herein.

putative class in this Action for settlement purposes, ordering a Class Notice to be mailed and published on the internet, scheduling a hearing for July 10, 2018, at 9:00 a.m. C.D.T. (the "Fairness Hearing"), and providing the members of the Settlement Class with an opportunity to object to the proposed settlement.

This Court held a Fairness Hearing on July 10, 2018, at 9:00 a.m. C.D.T., to determine whether to give final approval to the proposed settlement.

Due and adequate notice having been given to the Settlement Class as required in the Order, and the Court having considered the Settlement Agreement, all papers filed and proceedings held herein, and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The Court has jurisdiction over the subject matter of this Action and all Parties to the Action, including all members of the Settlement Class.

2. The Class certified preliminarily in the Court's Preliminary Approval Order is hereby certified finally for settlement purposes under Federal Rule of Civil Procedure 23(b)(1) and/or (b)(2). The Class consists of:

> All persons who, as of November 30, 2017, are former and/or current participants in either or both of the Plans, whether vested or non-vested, and their beneficiaries.

3. The Court finds that the Settlement Class meets all requirements of Rule 23(a) for certification of the class claims alleged in the Complaint, including (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of the class representatives and Class Counsel.

4. Additionally, the prerequisites of Rule 23(b)(1) have been satisfied, since the prosecution of separate actions by individual members of the Settlement Class would create a risk of (a) inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendants; and (b) adjudications with respect to individual Settlement Class

members, which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or would substantially impair or impede their ability to protect their interests.

5. Alternatively, the prerequisites of Rule 23(b)(2) have been satisfied, since Defendants have acted or refused to act on grounds generally applicable to the Settlement Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Settlement Class as a whole.

6. Pursuant to Rule 23(a), the Court finds that Plaintiffs Leslee R. Carver, Diane Eslinger, Lisa Jenkins, and Susan L. Phillips ("Named Plaintiffs") are members of the Settlement Class, their claims are typical of those of the Settlement Class, and they fairly and adequately protected the interests of the Settlement Class throughout the proceedings in this Action. Accordingly, the Court hereby appoints Leslee R. Carver, Diane Eslinger, Lisa Jenkins, and Susan L. Phillips as Settlement Class representatives.

7. Having considered the factors set forth in Rule 23(g)(1), the Court finds that Class Counsel have fairly and adequately represented the Settlement Class for purposes of entering into and implementing the Settlement, and thus, hereby appoints Keller Rohrback L.L.P. and Cohen Milstein Sellers & Toll PLLC, as Class Counsel to represent the members of the Settlement Class.

8. The appointment of Class Counsel and the appointment of the Named Plaintiffs as Settlement Class representatives are fully and finally confirmed.

9. The Court directed that Class Notice be given pursuant to the Notice Program proposed by the Parties and approved by the Court. In accordance with the Court's Preliminary Approval Order and the Court-appointed Notice Program: (1) On or before March 26, 2018,

Class Counsel posted the Settlement Agreement and Class Notice to the Settlement websites: www.kellersettlements.com and www.cohenmilstein.com/presence-settlement; and (2) on March 23, 2018, the Settlement Administrator, Garden City Group, LLC, mailed 50,410 copies of the Class Notice to Settlement Class Members. As of May 22, 2018, Garden City Group mailed a total of 52,918 Class Notices, including 2,508 Class Notices that were re-mailed upon receipt of an updated address.

10. The Class Notice advised members of the Settlement Class of: (a) the terms of the Settlement; (b) the Fairness Hearing and the right to appear at such Fairness Hearing; (c) the inability to opt out of the Settlement Class; (d) the right to object to the Settlement, including the right to object to the application for an award of attorneys' fees and reimbursement of expenses; (e) the procedures for exercising such rights; and (f) the binding effect of this Judgment, whether favorable or unfavorable, on the Settlement Class, including the scope of the Released Claims described in section 4.1 of the Settlement Agreement.

11. The Notice Program met all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, the United States Constitution, 28 U.S.C. § 1715, and any other applicable law. The Court further finds that the Notice Program approved by the Court, along with the service of information on the Attorneys General of the several states and/or territories and the United States of America, complied fully with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), and that it constituted the best practicable notice under the circumstances. The Court further finds that the form of notice was concise, clear, and in plain, easily understood language, and was reasonably calculated to apprise of the pendency of the Action, the claims, issues and defenses of the Settlement Class, the definition of the Settlement Class certified, the right to object to the proposed Settlement, the right to appear at the Fairness

Hearing, through counsel if desired, and the binding effect of a judgment on members of the Settlement Class, including the scope of the Released Claims described in section 4.1 of the Settlement Agreement.

12. The Court finds after the Fairness Hearing, and based upon all submissions of the Parties and interested persons, that the Parties' proposed Settlement is fair, reasonable, and adequate. The Court also finds that the proposed Settlement is consistent with and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, and the United States Constitution, and other applicable law. In so finding, the Court has considered and found that:

a) The Settlement provides for significant financial benefit to the Plans and provides substantial financial and procedural protections for payment of Plans' benefits to the Settlement Class.

b) The terms and provisions of the Settlement were entered into by experienced counsel and only after extensive, arm's-length negotiations conducted in good faith and with the assistance of an experienced third-party mediator, Mr. Robert Meyer, Esq. The Settlement is not the result of collusion.

c) The negotiations were supported by a robust investigation before commencement of the Action; formal discovery during the pendency of this action; the production and review of confidential documents protected by Rule 408 of the Federal Rules of Evidence during mediation discovery; and the United States Supreme Court's decision on statutory issues in this case.

d) Approval of the Settlement will result in substantial savings of time, money and effort for the Court and the Parties, and will further the interests of justice.

Defendants denied and continue to deny Plaintiffs' claims and allegations, and raised various factual and legal arguments in support of their vigorous defense in this Action. Accordingly, the Settlement shall be and it hereby is approved and is given binding effect.

13. All members of the Settlement Class are bound by this Judgment and by the terms of the Settlement, including the scope of the Released Claims described in section 4.1 of the Settlement Agreement.

14. This Settlement, this Judgment, and/or the fact of Settlement does not constitute an admission by any of the Parties of any liability, wrongdoing, or violation of law, damages or lack thereof, or of the validity or invalidity of any claim or defense asserted in the Action. If the Settlement Agreement is not upheld on appeal, or is otherwise terminated for any reason, the Settlement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any Party and shall not be deemed or construed to be an admission by an party of any fact, matter, or position of law; and all Parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

15. "Releasees" shall mean: All Defendants, any and all entities that are a part of and/or affiliated with Presence Care Transformation Corporation, Presence Health Network, Ascension Health and Ascension Health Alliance (including but not limited to any current or former direct or indirect parent or subsidiary corporations of Presence or Ascension Health), and/or each of their employees, agents, directors, members, sponsors, and insurers, including the individual defendants.

16. "Released Claims" shall mean any and all actual or potential claims, actions, causes of action, demands, obligations, liabilities, attorneys' fees, expenses and costs under

federal or state laws arising out of the allegations of the Complaint that were brought or could have been brought as of the date of the Settlement Agreement, including any current or prospective challenge to the "church plan" status of the Plans, whether or not such claims are accrued, whether already acquired or subsequently acquired, whether known or unknown, in law or equity, brought by way of demand, complaint, cross-claim, counterclaim, third-party claim, or otherwise.

17. For Settlement Class members only, Released Claims shall not include the release of any of the following:

> (a) Any rights or duties arising out of the Settlement Agreement, including the express warranties and covenants in the Settlement Agreement;
>
> (b) Individual claims for relief brought under state law seeking benefits under the terms of the Plan documents of the applicable Plan;
>
> (c) Claims related to any other plan that is merged or consolidated with the Plans, or either of them, after the execution date of the Settlement Agreement;
>
> (d) Any claim arising under ERISA with respect to any event occurring after: the Internal Revenue Service issues a written ruling that the Plans, or either of them, do not qualify as a church plan; pursuant to IRC § 410(d), an election is made on behalf of the Plans, or either of them, resulting in such Plan's coverage by the ERISA provisions specified in IRC § 410(d); the Roman Catholic Church claims no association with the Plans' Sponsor; or an amendment to ERISA is enacted and becomes effective as a law of the United States eliminating the church plan exemption;
>
> (e) The claims brought by the plaintiffs in the Class Action Complaint filed November 16, 2017, titled *Lauren Bence, et al. v. Presence Health Network Corporation, et al.*, U.S. District Court for the Northern District of Illinois case No. 1:17-cv-08315.

18. It is further ordered that as of the Effective Date of the Settlement Agreement, Plaintiffs on behalf of themselves and on behalf of the Settlement Class absolutely and unconditionally release and forever discharge the Releasees from any and all Released Claims that the Plaintiffs or the Settlement Class have, as defined in the Settlement Agreement. The

Settlement Class covenants and agrees: (i) not to file against any of the Releasees any claim based on, related to, or arising from any Released Claim; and (ii) that the foregoing covenants and agreements shall be a complete defense to any such claim against any Releasee.

19. It is further ordered that as of the Effective Date of the Settlement Agreement, Defendants absolutely and unconditionally release and forever discharge the Plaintiffs, the Settlement Class, and Class Counsel from any and all claims relating to the institution or prosecution of the Action.

20. It is further ordered that as of the Effective Date of the Settlement Agreement, each of the Releasees also releases each of the other Releasees from any and all Claims which were asserted in the Complaint or any pleading which would have been required to be filed in the Action or that would be barred by principles of res judicata or collateral estoppel had the claims asserted in the Complaint or any such other pleading in the Action been fully litigated and resulted in a Final judgment or order.

21. Class Counsel is hereby awarded attorneys' fees pursuant to Rule 23(h), in the amount of $_____ which the Court finds to be fair and reasonable, and $_____ in reimbursement of Class Counsel's reasonable expenses incurred in prosecuting the Action. The attorneys' fees and expenses so awarded shall be paid by Defendants, pursuant to the terms of the Settlement Agreement. All fees and expenses paid to Class Counsel shall be paid pursuant to the timing requirements described in the Settlement Agreement.

22. Named Plaintiffs Leslee R. Carver, Diane Eslinger, Lisa Jenkins, and Susan L. Phillips are hereby awarded Incentive Awards in the amount of $_____ each, which the Court finds to be fair and reasonable. The Incentive Awards shall be paid by Presence or Ascension Health pursuant to the terms of the Settlement Agreement.

23. The Court retains jurisdiction over the implementation, administration and enforcement of this Judgment and the Settlement, and all matters ancillary thereto.

24. The Court hereby dismisses with prejudice the Action and all Released Claims identified in section 4.1 of the Settlement Agreement against each and all Released Parties and without costs to any of the Parties as against the others, except to the extent any costs are included in the Court's award of expenses in paragraph 21 hereof.

25. The Court finds that no reason exists for delay in ordering final judgment, and the Clerk is hereby directed to enter this Judgment forthwith.

DATED this 31st day of MAY, 2018.

Hon. Harry D. Leinenweber
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF ILLINOIS